UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fabian Alexander PROFFITT,<br><br>                Petitioner,<br><br>v.<br><br>Warden KEETON,<br><br>                Respondent. | Case No.: 17-cv-0870-LAB-AGS<br><br>**REPORT AND RECOMMENDATION TO DENY AMENDED PETITION (ECF No. 11)** |

Petitioner filed his federal habeas petition years after the deadline. Because no tolling excuses his tardiness, his habeas application should be denied.

## BACKGROUND

In 2010, petitioner Fabian Proffitt[1] pleaded guilty to multiple counts of second-degree robbery with a dangerous weapon and, based partly on his priors, was sentenced to 17 years in prison. (ECF No. 15-1, at 51; *see also* ECF No. 15-6, at 1-2.) In short order, Proffitt both appealed his sentence and filed a state habeas petition. (*See* ECF No. 15-1, at

---

[1] Petitioner alternately spells his last name as "Proffitt" or "Proffit." (*Compare, e.g.*, ECF No. 1, at 18 (both spellings on same page).) Because his federal petition was captioned and docketed with the former spelling (*see id.* at 1), this Court will uniformly call him "Proffitt."

1

53-54; ECF No. 15-5, at 1-16; ECF No. 15-7, at 1-20.) The California Court of Appeal dismissed the state habeas petition as moot because Proffitt's appeal was still pending. (*See* ECF No. 15-8, at 2.) Later, that same Court affirmed Proffitt's sentence, but remanded to "determine the limited issue of the date of Proffit[t]'s arrest and whether the custody credits awarded to him required correction." (ECF No. 15-6, at 10.) Proffitt was resentenced no later than August 2012.[2] He did not appeal again.

Thus, Proffitt's judgment became final no later than October 2012, when the 60-day time limit expired for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.308 (2010) (A "notice of appeal . . . must be filed within 60 days" of judgment.). Absent a basis for tolling, Proffitt's deadline for filing a federal habeas petition was no later than October 2013, one year after his judgment became final. *See* 28 U.S.C. § 2244(d)(1).

From October 2012 to October 2013, while his one-year federal habeas clock was ticking, Proffitt apparently took no legal action. But several months after his federal habeas deadline passed, he began a succession of new state habeas petitions. (*See* ECF Nos. 15-10, 15-12, 15-14, 15-16, 15-18, 15-20, 15-22.) On April 17, 2017, he finally filed his federal habeas petition, which was promptly dismissed for procedural errors. (*See* ECF No. 1, at 18; ECF No. 7.) He filed an amended federal habeas petition on June 28, 2017. (ECF No. 11, at 12.)

---

[2] It is not clear that Proffitt ever had a formal re-sentencing hearing. (*Compare* ECF No. 15-1, at 51 (original abstract of judgment; hearing "06-24-10") *with* ECF No. 15-10, at 12 (amended abstract; same hearing date).) In the light most favorable to Proffitt, any such re-sentencing would have occurred by August 2012. On May 22, 2012, the Court of Appeal remanded to determine Proffitt's custody credits. (ECF No. 15-6, at 1, 10.) Thereafter, a Legal Status Summary form reflects a "Restoration of Credits" on "08/07/2012." (ECF No. 15-10, at 11.) And Proffitt's corrected custody credits are set forth in a Probation Department form dated August 30, 2012. (*Id*. at 14.) Finally, the associate warden at Proffitt's prison wrote that "[o]n September 7, 2012, amended legal documents were received" regarding Proffitt's "pre-prison credits." (*Id*. at 15.)

# DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act, or AEDPA, with limited exceptions, a state prisoner must file any federal habeas corpus petition within one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d). Because Proffitt's one-year deadline ended no later than October 2013—long before he filed his 2017 federal habeas petition—his only recourse is statutory or equitable tolling.

## A. Statutory Tolling

The AEDPA's one-year statute of limitations is statutorily tolled during the period of any properly filed state habeas petition. *See* 28 U.S.C. § 2244(d)(2). But Proffitt never had a petition pending during the one-year period. His first state petition was dismissed before the federal habeas limitations period "started to run, [so] it had no effect on the timeliness of the ultimate federal filing." *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008). And he filed his remaining state petitions months (or years) after the federal habeas deadline expired. Filing a late petition does not restart the AEDPA's statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Thus, statutory tolling does not apply.

## B. Equitable Tolling

The AEDPA's limitations period is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). A petitioner qualifies for such tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (citation omitted). Even if Proffitt's numerous state petitions proved his diligence, the record is devoid of any extraordinary circumstances justifying his failure to file within the one-year period. In state proceedings, Proffitt argued that he "lacked legal knowledge." (ECF No. 15-10, at 7; *see also* ECF No. 15-16, at 5.) But "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). And Proffitt's demonstrated ability to file state habeas petitions—both before and after the one-year limitation period—undercuts any claim that he had an extraordinary inability to pursue his legal rights. *See Taylor v. Filson*, 692 F. App'x 821, 822 (9th Cir. 2017) (denying equitable tolling to a prisoner with "mental health issues," reasoning that the petitioner "filed two state post-conviction actions, indicating he had the means to file a federal action"). So, equitable tolling is likewise unavailable.

## CONCLUSION

Because Proffitt's federal habeas petition is several years late and no tolling is available, this Court recommends that his amended habeas petition be denied. Also, because no reasonable jurist would consider this conclusion "debatable or wrong," the Court recommends that a certificate of appealability be denied. *See Robertson v. Pichon*, 849 F.3d 1173, 1187 (9th Cir. 2017) (citation omitted).

The parties have 14 days from service of this report to file any objections to it. *See* 28 U.S.C. § 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated: May 1, 2018

Hon. Andrew G. Schopler
United States Magistrate Judge