UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN ALEXANDER PROFFITT,<br><br>                                  Plaintiff,<br>v.<br><br>WARDEN KEETON,<br>                                  Defendant. | Case No.: 17cv870-LAB (AGS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Fabian Alexander Proffitt, a prisoner in state custody pursuant to a California state court judgment,[1] filed his petition for writ of habeas corpus under 28 U.S.C. § 2254.

The case was originally filed in the Central District of California, but was transferred to this District, because Proffitt was convicted and sentenced in San Diego.[2] The matter was then referred to Magistrate Judge Andrew Schopler for report and recommendation. Judge Schopler issued his report and recommendation (the "R&R") on May 1, which

///

---

[1] Proffitt is being held at the La Palma Correctional Center in Eloy, Arizona. La Palma is an out-of-state correctional facility of the California Department of Corrections and Rehabilitation.

[2] Proffitt pled no contest to robbery with enhancement allegations that he used a dangerous weapon and had a prior "strike" felony. (Pet. at 2.)

1

recommended that the petition be denied as time-barred. Objections to the R&R were due by May 15, but Proffitt has filed none.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original).

The Court accepts the R&R's unobjected-to factual recitations as correct. Based on these, the R&R's conclusion that Proffitt's petition is time-barred is correct.

Furthermore, a review of the record on appeal shows that the California Supreme Court denied Proffitt's appeal with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), indicating it was untimely. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (holding that citation to page 780 of *In re Robbins* means the California Supreme Court found the habeas petition untimely). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [28 U.S.C.] § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

In addition, although Proffitt's petition mentions Due Process, his sole claim is that the state trial court misapplied state law governing sentence enhancements. (Pet. at 5, 17.) A mere error of state law is not a denial of due process, *Swarthout v. Cooke*, 562 U.S. 216, 221–22 (2011) (citing *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982)). And federal habeas is unavailable to correct errors of state law. *Id.* at 219 (citing *Estelle v. Mcguire*, 502 U.S.
///

62, 67 (1991)). Proffitt cites several federal cases he claims support his position that his claims are cognizable on federal habeas review, but all are inapposite to his situation.

The Court modifies the R&R to include this reasoning as well. So modified, the R&R is **ADOPTED**.

The petition is **DENIED**, and a certificate of appealability is also **DENIED**. *See Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

DATED: May 25, 2018

_____

Hon. Larry Alan Burns
United States District Judge